IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DERRICK SMITH, :
:
          Petitioner, :
:
v. : Civil Action No. 14-1446-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
          Respondents. :

## MEMORANDUM OPINION

Derrick Smith. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 15, 2016
Wilmington, Delaware

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Derrick Smith's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition, contending that the Petition should be dismissed in its entirety. (D.I. 9) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

As set forth by the Delaware Supreme Court in *Smith v. State*, 89 A.3d 478 (Table), 2014 WL 1017277, at *1 (Del. Mar. 13, 2014), the facts leading to Petitioner's arrest and conviction are as follows:

> [O]n January 29, 2011, Wilmington Police officers observed an apparent drug transaction. An officer confronted [Petitioner] and commanded him to stop. A footchase ensued. During the chase, [Petitioner] turned and fired a gun at the officer several times. Ultimately, the officer arrested and searched [Petitioner]. Officers found [Petitioner] to be in possession of marijuana, and recovered the gun from a nearby residence.

*Smith v. State*, 2014 WL 1017277, at *1. According to Petitioner's Preliminary Hearing Transcript, the gun was a .357 handgun that contained six .38 caliber rounds when recovered (three casings were spent and three were live), and Petitioner had twelve plastic bags and three plastic vials of marijuana on his person when searched by police. (D.I. 11, *Smith v. State*, No. 114, 2013, Appellant's App. at A16, A18, A25) Additionally, at the time of the shooting, Petitioner was a person prohibited from possessing a firearm serving Level III probation, and he was wearing an ankle bracelet. *Id.* at A29.

In March 2011, a New Castle County grand jury indicted Petitioner on the charges of attempted first degree murder, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited, felony resisting arrest, and possession of marijuana. (D.I. 9 at 2); *see also Smith*, 2014 WL 1017277, at *1. If convicted of

all of these charges, Petitioner faced a potential maximum sentence of life plus thirty-five and one-half years. (D.I. 9 at 2) On July 4, 2011, Petitioner pled guilty to PFDCF and attempted first degree assault (as a lesser included offense of attempted first degree murder) in exchange for the State's agreement to enter a *nolle prosequi* on the balance of the charges. *Id.*

On September 30, 2011, following a pre-sentence investigation, the Superior Court sentenced Petitioner to a total of thirty years of incarceration at Level V as follows: twenty-five years at Level V incarceration for the PFDCF conviction, with no suspended time, and twenty-five years at Level V incarceration, suspended after five years, for six months at Level IV work release, followed by two years at Level III probation, for the attempted first degree assault conviction. (D.I. 11, *Smith v. State*, No. 114, 2013, Appellant's App., at A46-A47) The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Smith v. State*, 44 A.3d 922 (Table), 2012 WL 1530849, at *2 (Del. Apr. 30, 2012).

In September 2012, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). A Superior Court Commissioner issued a Report and Recommendation that the Superior Court deny the Rule 61 motion. (D.I. 11, *Smith v. State*, No. 114, 2013, State's Motion to Remand and Stay Briefing, at Exh. G) The Superior Court adopted that Recommendation and denied the Rule 61 motion on February 22, 2013. *Id.* at Exh. F. Petitioner appealed that decision. During its review of the case, the State discovered that the Truth-in-Sentencing Guilty Plea Form ("TIS Form") contained an error regarding the possible maximum sentence for attempted first degree assault, and requested that the Delaware Supreme Court stay and remand the case to the Superior Court for preparation of the transcript of the guilty plea colloquy and consideration of Petitioner's claims

2

in light of the full record. (D.I. 11, *Smith v. State*, No. 114, 2013, State's Motion to Remand and Stay Briefing) The Delaware Supreme Court remanded the case to the Superior Court. The Superior Court appointed counsel to represent Petitioner, who then filed an amended Rule 61 motion. After a hearing, the Superior Court granted in part Petitioner's Rule 61 motion, finding that Petitioner's trial counsel had provided ineffective assistance of counsel with respect to his sentencing for attempted first degree assault. (D.I. 11, *Smith v. State*, No. 114, 2013, Appellant's App. at A73-A74) The Superior Court vacated the portion of Petitioner's September 30, 2011 sentence order related to his attempted first degree assault conviction, but ruled that the other claims in the Rule 61 motion lacked merit or were procedurally barred. *Id.*

The Superior Court resentenced Petitioner on September 27, 2013. The sentence was the same in all respects as to the first sentence except that the sentence for attempted first degree assault was adjusted downward from twenty-five years to twenty years, suspended after five years. (D.I. 11, *Smith v. State*, No. 114, 2013, Appellant's Br. Pursuant to Rule 26(c) at 5; D.I. 11, *Smith v. State*, No. 114, 2013, Appellant's App., at A75-A76)

The case returned to the Delaware Supreme Court on post-conviction appeal. Petitioner's appointed post-conviction counsel filed a non-merits opening brief, including points Petitioner wished to have considered. The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's Rule 61 motion on March 13, 2014. *See Smith*, 2014 WL 1017277, at *2.

In July 2014, Petitioner filed in the Superior Court a motion for correction of sentence, which the Superior Court denied on September 24, 2014. (D.I. 1 at 55-6) Petitioner appealed, but the Delaware Supreme Court dismissed the appeal on January 5, 2015 for failure to prosecute. *See Smith v. State*, 106 A.3d 1050 (Table), 2015 WL 71575 (Del. Jan. 5, 2015).

In February 2015, Petitioner filed in the Delaware Superior Court a motion for the appointment of counsel, which the Superior Court denied. (D.I. 9 at 5) In April 2015, Petitioner filed a second Rule 61 motion asserting that trial counsel provided ineffective assistance by failing to thoroughly investigate the evidence and any mitigating factors for sentencing, which the Superior Court denied as time-barred and procedurally barred under Rule 61(i)(2). *See State v. Smith*, 2015 WL 3863177, at *2 (Del. Super. Ct. June 18, 2015). The Court cannot discern if Petitioner appealed that decision.

## II. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence

4

of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011). The Supreme Court recently expanded the purview of the *Richter* presumption in *Johnson v. Williams*, 133 S.Ct. 1088 (2013). Pursuant to *Johnson*, if a petitioner has presented the claims raised in a federal habeas application to a state court, and the state court opinion addresses some but not all of those claims, the federal habeas court must presume (subject to rebuttal) that the state court adjudicated the unaddressed federal claims on the merits. *Id*. at 1095-96. The consequence of this presumption is that the federal habeas court will then be required to review the previously unaddressed claims under § 2254(d) whereas, in the past, federal habeas courts often assumed "that the state court simply overlooked the federal claim[s] and proceed[ed] to adjudicate the claim[s] de novo." *Id*. at 1091-92.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### III. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court, asserting that trial counsel provided ineffective assistance by: (1) failing to investigate Petitioner's prior criminal record and to inform him that he was eligible for an enhanced presumptive sentence under the sentencing guidelines; (2) failing to file a motion to withdraw Petitioner's guilty plea

upon his request after advising him of that error; (3) incorrectly advising Petitioner that the maximum penalty for attempted first degree assault was twenty years instead of the correct twenty-five years; and (4) advising Petitioner he would only receive the five year minimum mandatory sentence if he entered a guilty plea.[2] Petitioner presented these ineffective assistance of counsel allegations to the Delaware Supreme Court on post-conviction appeal, which denied them as meritless. Therefore, habeas relief will only be warranted if the Delaware Supreme Court's denial of the claims was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

---

[2]Although the Petition presents these four allegations as one ineffective assistance of counsel claim, for ease of analysis, the Court has separated them into four separate claims.

6

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court correctly identified the *Strickland/Hill* standard applicable to Petitioner's ineffective assistance of counsel allegations.[3] Thus, the Delaware Supreme Court's decision was not contrary to *Strickland* or *Hill*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing this inquiry, the Court must review the Delaware Supreme Court's decision with respect to Petitioner's ineffective assistance of counsel claim through a "doubly deferential" lens.[4] *Richter*, 562 U.S. at 105. Notably, when § 2254(d) applies, "the question is not whether

---

[3] Although the Delaware Supreme Court did not mention *Hill* in its decision, it cited *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997), which sets forth a standard identical to the *Hill* standard. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008)(Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because it appropriately relied on its own state court cases which articulated the proper standard derived from Supreme Court precedent).

[4] As explained by the *Richter* Court,
> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must

7

counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id*. And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 101.

### A. Claims One and Two: Counsel Failed To Inform Petitioner About His Prior Felony's Penalty Enhancing Effect And Failed To File Motion To Withdraw Guilty Plea Despite Petitioner's Request

The Delaware Supreme Court denied as meritless Petitioner's contentions that trial counsel provided constitutionally ineffective assistance by failing to inform him that his prior violent conviction would enhance the presumptive sentence guideline range for the two charges from two to five years[5] to two to ten years, and by failing to comply with, or by misunderstanding, his request that counsel should file a motion to withdraw his guilty plea due to

---

        guard against the danger of equating unreasonableness under *Strickland* with
        unreasonableness under § 2254(d).
*Richter*, 562 U.S. at 105 (internal citations omitted).

[5]In its decision affirming the Superior Court's denial of Petitioner's Rule 61 motion, the Delaware Supreme Court refers to this particular ineffective assistance of counsel claim in terms of trial counsel failing to inform Petitioner of the "penalty-enhancing effect of his prior violent felony conviction." *Smith*, 2014 WL 1017277, at *2. The only document in the record explicitly explaining that Petitioner's prior violent conviction increased the presumptive sentence guideline range from two to five years to two to ten years is trial counsel's October 11, 2011 letter to Petitioner. (D.I. 1 at 85) The relevant text of trial counsel's letter is set forth in the Opinion. *See infra* at 10. The record also contains a copy of the TIS Form from July 2011 indicating that the TIS Guideline range was "2-5 yrs L5." (D.I. 11, *Smith v. State*, No. 114, 2013, State's Motion to Remand and Stay Briefing, Exh. C)

8

the aforementioned error. With respect to Petitioner's contention regarding counsel's failure to inform him about the enhanced presumptive sentencing range, the Delaware Supreme Court explained,

> Once [Petitioner's] lawyer recognized her error, she asked [Petitioner] whether he wished to withdraw his guilty plea. [Petitioner] declined the opportunity to file a motion to withdraw the entire plea in favor of filing an appeal from his sentence. Under these circumstances, [Petitioner] cannot establish that, but for counsel's error, he would not have pled guilty but would have insisted on going to trial. Accordingly, we find no error in the Superior Court's rejection of this claim.

*Smith*, 2014 WL 1017277, at *2. In turn, with respect to Petitioner's claim that counsel failed to withdraw Petitioner's guilty plea despite his request that she do so, the Delaware Supreme Court explained,

> In an affidavit, [Petitioner's] lawyer stated that when she counseled [Petitioner] on whether to accept the plea offer, she failed to inform [Petitioner] of the enhanced penalty he faced because of his prior violent felony conviction. In light of her error, [Petitioner's] lawyer asked him whether he wanted to withdraw his plea. [Petitioner's] lawyer stated that he declined to withdraw his plea, but instead wanted to appeal his sentence. Although [Petitioner] disputes his lawyer's account, it was within the Superior Court's discretion to resolve this credibility issue by accepting counsel's sworn statement.

*Smith*, 2014 WL 1017277, at *3.

The Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in holding that Petitioner failed to show that he suffered actual prejudice from trial counsel's failure to advise him that his prior violent conviction enhanced the presumptive sentence guideline range from two to five years for the two charges to two to ten years, and that Petitioner failed to demonstrate that counsel ignored Petitioner's request to file a motion to withdraw Petitioner's guilty plea as a result of this error. To begin, Petitioner has not provided clear and convincing evidence to rebut the Delaware Courts' factual finding that

9

Petitioner rejected trial counsel's offer to file a motion to withdraw his guilty plea and that he asked counsel to file a direct appeal instead. For instance, Petitioner has provided a copy of a letter to him from trial counsel dated October 7, 2011, (D.I. 1 at 85), in which trial counsel states:

> Per our discussion today via videophone, I will not file a motion to withdraw your guilty plea on the grounds that I failed to advise you that the TIS guidelines called for a presumptive sentence of 2-10 years on each of the charges. I had advised you in error at the time of your plea that each of the charges carried from 2-5 years because I did not realize at the time that your prior Possession within 300 feet of a Park was classified as a violent offense. You have indicated that you do not wish to withdraw your plea and proceed to trial on the original charges of Attempted Murder First and Possession of a Firearm During the Commission of a Felony.
>
> Instead, I will proceed as you have directed, to appeal the sentence which was imposed by Judge Ableman this past Friday, September 30, 2011. I expect to file a notice of that appeal within the next week and you will be advised as that appeal progresses through the system.

(D.I. 1 at 85) Petitioner does not assert, and the record does not indicate, that he responded to trial counsel's letter and attempted to "correct" her alleged misunderstanding of his wishes.

In turn, although Petitioner was represented by a new appellate attorney once trial counsel filed the notice of appeal, nothing in the record suggests that Petitioner informed his new appellate attorney that his former trial counsel made a mistake by filing a notice of appeal and that he really wished to withdraw his guilty plea. Significantly, Petitioner's appellate attorney included in his appellate Rule 26(c) Brief two pages of "Points" handwritten by Petitioner, and nothing in those pages even remotely asserts that Petitioner did not wish to pursue a direct appeal and/or that he wanted to withdraw his guilty plea. (D.I. 11, *Smith v. State*, No. 555, 2011, Appellant's Br. Under Rule 26(C), at Exh. B)

Given the absence of any indication that Petitioner either responded to his trial counsel's October 7, 2011 letter or informed his new appellate attorney of his true "wish" to withdraw his

10

guilty plea, the Court concludes that Petitioner's instant contention that trial counsel either ignored or misunderstood his request to file a motion to withdraw his guilty plea is false, and does not rebut the Delaware Supreme Court's factual findings. Consequently, pursuant to § 2254(e)(1), the Court accepts as correct the Delaware Supreme Court's factual findings that (a) trial counsel offered to file a motion to withdraw the guilty plea and (b) that Petitioner declined trial counsel's offer and asked counsel to file a direct appeal.

Since Petitioner declined trial counsel's offer to withdraw Petitioner's plea, trial counsel's failure to file a motion to withdraw that guilty plea did not amount to ineffective assistance under the *Strickland/Hill* standard. Additionally, the fact that Petitioner declined trial counsel's offer to seek a withdrawal of the guilty plea after he learned about trial counsel's failure to inform him about the enhanced sentence he faced precludes Petitioner from demonstrating a reasonable probability that he would have proceeded to trial but for trial counsel's error. Accordingly, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Claims One and Two.

### B. Claim Three: Counsel Misstated That The Maximum Sentence For Attempted First Degree Assault Was 20 Years Instead Of 25 Years

In Claim Three, Petitioner contends that trial counsel provided ineffective assistance by incorrectly advising him that the maximum sentence for attempted first degree assault was twenty years instead of the correct twenty-five years. The relevant background facts are as follows. Petitioner's TIS form incorrectly listed the maximum sentence for attempted first degree assault as twenty years when the actual maximum sentence was twenty-five years. This error in the TIS form was not identified or corrected during the plea colloquy, and Petitioner was sentenced to twenty-five years for his assault conviction. However, on remand during

11

Petitioner's first Rule 61 proceeding, the Superior Court held that trial counsel ineffectively represented Petitioner with respect to the sentencing for his attempted first degree assault conviction. As a result, the Superior Court vacated Petitioner's twenty-five year sentence, and subsequently re-sentenced him to twenty years of imprisonment for his attempted first degree assault conviction, to be suspended after five years.

On post-conviction appeal following the Superior Court's decision on remand, the Delaware Supreme Court implicitly acknowledged that trial counsel performed deficiently in misstating twenty years as the maximum sentence on Petitioner's TIS form, but held that trial counsel's error did not prejudice Petitioner because he was ultimately re-sentenced to the twenty year sentence listed on the TIS form. *See Smith*, 2014 WL 1017277, at *3. For the following reasons, the Court concludes that this decision constituted a reasonable application of the *Strickland/Hill* standard.

First, the Superior Court's act of resentencing Petitioner on his attempted first degree assault conviction from twenty-five years to twenty years at Level V incarceration, suspended after five years for decreasing levels of supervision, was consistent with the twenty-year maximum penalty about which trial counsel originally advised Petitioner. (D.I. 1 at 86) Second, at the time of his plea, Petitioner believed he faced a total maximum sentence of forty-five years at Level V incarceration: twenty years for attempted first degree assault and twenty-five years for possession of a firearm during the commission of a felony. (D.I. 11, Appellant's App. in *Smith v. State*, No. 114, 2013, at A40 to A41) At his re-sentencing on remand, Petitioner received a total sentence of forty-five years at Level V incarceration, suspended after thirty years[6] for

---

[6]There is no suspension of time with respect to Petitioner's twenty-five year sentence for his PFDCF conviction, but his twenty-year sentence for attempted first degree assault is to be

decreasing levels of supervision. The total thirty-year unsuspended portion of Petitioner's sentence is less than the forty-five year total statutory maximum he believed he faced when he entered his guilty plea, and is much less than the life without parole plus thirty-five and a half years Petitioner faced if he went to trial on all of the original charges. In other words, Petitioner got exactly what he bargained for. Given these circumstances, Petitioner cannot demonstrate a reasonable probability that he would not have entered his guilty plea and would have proceeded to trial if trial counsel had correctly advised him that he faced a maximum sentence of twenty-five years for attempted first degree assault. Accordingly, the Court will deny the instant allegation for failing to satisfy § 2254(d).

### C. Claim Four: Counsel Incorrectly Advised Petitioner He Would Only Receive A Five Year Sentence

Finally, Petitioner contends that trial counsel provided ineffective assistance by advising him he would be sentenced to the five year minimum mandatory sentence if he entered a guilty plea. The Delaware Supreme Court denied this contention as meritless after determining that Petitioner's statements during his guilty plea colloquy belied his assertion and that he was bound by those statements. As discussed below, the Court concludes that this decision involved a reasonable application of the *Strickland/Hill* standard.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). During his guilty plea colloquy, the Superior Court informed Petitioner of the minimum mandatory sentence he faced, and also informed him that it "could

---

suspended after serving five years. Therefore, Petitioner will actually be incarcerated at Level V for thirty years. (D.I. 11 at 11)

13

lawfully impose a penalty of forty-five years in jail [] for the crimes to which you're pleading guilty[.]" (D.I. 11, Appellant's App. in *Smith v. State*, No. 114, 2013, at A41) Petitioner stated that he that he understood the elements of the charges against him, that he was aware of his rights he was waiving, that he was entering the guilty plea because he was guilty of PFDCF and attempted first degree assault, that he was aware of the minimum mandatory and maximum penalties he faced, that nobody promised him what his actual sentence would be, that nobody forced him or threatened him to enter the plea, that he had discussed the matter with defense counsel, that he was satisfied with defense counsel's representation, and that he was freely and voluntarily entering the guilty plea. (D.I. 11, Appellant's App. in *Smith v. State*, No. 114, 2013, at A37-A44) Notably, in this proceeding, Petitioner's unsupported allegation that trial counsel told him he would only be sentenced to five years fails to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. As a result, the Court concludes that the Delaware Supreme Court's holding that Petitioner was bound by the representations he made during the plea colloquy, and that his guilty plea was knowing and voluntary, involved a reasonable application of *Blackledge.*

Given this determination, the Court further concludes that trial counsel's performance did not amount to ineffective assistance, because the statements Petitioner made during his plea colloquy belie his present allegation that he did not knowingly or voluntarily plead guilty due to trial counsel's advice that he would only receive a five year sentence. Accordingly, viewing the Delaware Supreme Court's decision through the doubly deferential lens applicable on habeas review, the Court will deny Claim Four for failing to satisfy § 2254(d).

### D. Pending Motion

During the pendency of this proceeding, Petitioner filed a Motion for an Evidentiary Hearing. (D.I. 12) Having determined that Petitioner's habeas claims lack merit, the Court will deny Petitioner's Motion for an Evidentiary Hearing as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as meritless. An appropriate Order will be entered.